## Newborn v. Newborn

*Jo-Anne O. Halpern*, for plaintiff.
*Paul S. Foreman*, for defendant.
*Thomas M. Reese*, for Newborn Enterprises Inc.

SMITH, *J.*, November 2, 1987—We have before us what is styled "renewed motion for leave to take broad discovery" filed by Michele Newborn. We entertained this motion following discontinuance of plaintiff's appeal to Superior Court from both the order of the Honorable John A. Cherry dated May 14, 1987, denying her motion for sanctions, and our order of May 15, 1987, denying her motion to join an additional party in this divorce action.[1]

This controversy is, quite simply, a discovery dispute arising in the course of a divorce action wherein plaintiff seeks, inter alia, alimony and equitable distribution of property. Although the hearing held before us on October 13, 1987, was non-evidentiary in nature, neither counsel for Barry Newborn nor counsel for Newborn Enterprises Inc., has controverted plaintiff's assertion that defendant is a 9 percent owner in a successful family-

---

1. We will not detail herein the, thus far, tangled procedural history of this matter since that has been amply set forth in our undated supplemental opinion filed, as captioned above in support of our May 15, 1987, order.

owned corporation. Counsel for plaintiff has maintained throughout the considerable skirmishing over discovery, as she does in her motion, that she is in need of "information respecting the value of defendant's interest in Newborn Enterprises Inc./Altoona News Agency Inc., and the value of perquisites received by defendant from such companies. . . ." She contends that she has been stymied in these efforts by a lack of answers to interrogatories previously served upon defendant.[2]

Counsel for defendant contends that the only item remaining in dispute from the orignal interrogatories is a corporate buy/sell agreement. He indicates that he has "no objection" to an order of court directing delivery to plaintiff of an entire copy of this document.[3] He argues, however, that plaintiff is now expanding her original discovery request, and that it has become a "fishing expedition."[4]

The Pennsylvania Rules of Civil Procedure proscribe discovery in an action of divorce "unless authorized by special order of court," Pa.R.C.P. 1920.22(a), but allow interrogatories to be served "[w]hen a claim is made for alimony or the determination and distribution of property rights. . . ." Pa.R.C.P. 1920.22(b). Even then, such interrogatories may be filed only "within such time as not to delay the trial. . . ." Id.

---

2. Answers to these interrogatories, which are at the core of the instant dispute, were filed on June 16, 1986.

3. Apparently, an "edited version" of the agreement has already been turned over to plaintiff's counsel.

4. Counsel for defendant directs the court's attention to paragraph 18 of plaintiff's "Statement of Matters Complained of Pursuant to Pa.R.A.P. 1925(b)," which sets forth a list of requested documents and information.

It is clear that the rule's draftsmen carefully sought to limit discovery in divorce actions, thereby attempting to avoid the costly and time-consuming "paper wars" which have become commonplace in so much of today's civil litigation.[5] These procedural dictates do not bar a party from discovery; in fact, they afford to a party the full panoply of discovery tools provided by the rules of civil procedure. See Pa.R.C.P. 4001. et seq. However, only interrogatories may be used as a matter of right. Leave of court must first be obtained before other discovery devices are made available.

Even without resorting to discovery, divorce litigants have at their disposal a valuable source of information in the inventory and appraisement, the filing of which is required by each party when a claim has been made for distribution of property. 23 Pa.C.S. §403(b); Pa.R.C.P. 1920.33. The nature and quantum of the financial data required by the prescribed form[6] provides evidence relevant not only to property claims but to requests for alimony as well. We share the view of Judge Joyce of the Erie County Common Pleas Court that "[t]hese provisions in addition to the right to interrogatories were intended to provide the discovery necessary in

---

5. The 1978 Explanatory Note preceding Pa.R.C.P. 4001 et seq. acknowledges that "no effective system of discovery can be designed which is not subject to abuse, resulting in delay, expense and the burden on judges of disposing of dilatory motions, petitions and objections without real merit." See also *Borough of Wilkinsburg Viewers*, 49 D.&C.2d 77, 80 (1970), wherein Judge Weis noted: "Discovery is not an unmixed blessing. While its use has been beneficial in many cases to enable facts to be ascertained in advance of trial, it is also true that on many occasions it has unduly delayed and complicated litigation."

6. Pa.R.C.P. 1920.75.

the vast majority of divorce cases." *Abbott v. Abbott,* 41 D.&C.3d 16, 20 (1986).

Furthermore, we believe it worthy of note that the Divorce Code provides for sanctions where a party has failed to disclose requisite information in the inventory and appraisement. 23 Pa.C.S. §403(c).

Accordingly, we must determine what standard we shall apply in the exercise of our discretion in such discovery requests. Rule 1920.22 is silent in this regard, and our research has failed to yield any caselaw from our appellate courts which would guide our deliberations. We are, therefore, in uncharted waters.[7]

It has been observed that a prime reason for discovery under Pennsylvania's rules "relates to basic principles of good judicial administration, namely, the improvement of trial techniques by the elimination of 'surprise,' or, more accurately, perhaps 'unfair surprise.' " Goodrich-Amram 2d §4001(c)(1). In 1978, Pennsylvania promulgated new rules of civil procedure governing depositions and discovery. They represented the culmination of a comprehensive study of prior discovery practices and of the Federal Discovery and Deposition Rules. Fed. R.Civ.Pro. 26-37.

Even prior to the Divorce Code in 1980, Pennsylvania's liberalized rules made the full scope of discovery available to divorce litigants where leave of court was first obtained. See former rule 4001(a). With the adoption of procedural rules governing di-

---

7. We note that the Honorable Lawrence E. Wood has characterized this same area with the non-nautical metaphor, "uncharted territory." *McCann v. McCann,* 19 D.&C.3d 234, 236 (1981). Regardless, our research has failed to yield meaningful cartographic direction since Judge Wood's observation of six years ago.

vorce actions, we are now required to read those rules in pari materia with Pa.R.C.P. 4001 et seq. Yet the text of the rules themselves is of little guidance in our present inquiry.

We are fully cognizant that our rulings in many discovery disputes are necessarily ad hoc. Indeed, commentators have conceded that "it is not possible to have complete uniformity of construction or interpretation under these rules. Much is left to the discretion of the individual judge under standards stated in flexible terms. The individual judge may impose his personal predilections respecting any use of discovery or the desirability of discovery in the particular case." Goodrich-Amram 2d §4001(3).

Further, we are mindful of the often critical import of our determinations in these matters since they will usually be unappealable due to their interlocutory nature. A trial court must therefore cautiously exercise its discretion in matrimonial discovery questions. The emotional and economic costs of protracted litigation in these cases are generally more devastating to the individual contestants than they are to the parties in most other causes of action.

Lacking guidance from our appellate courts, then, and in recognition of the very broad nature of our discretion we have arrived at a standard which we shall apply in the exercise of that discretion. A party seeking leave of court for discovery pursuant to Pa.R.C.P. 1920.22 must demonstrate that: (1) the material sought to be discovered is essential to a fair and just determination of alimony claims and property rights, (2) the filing of the inventory and appraisement required by rule 1920.33 will not reasonably lead to the material sought, (3) the use of interrogatories pursuant to rule 1920.22(b) will not reasonably lead to the material sought, and (4) a

specific form of discovery other than interrogatories is most likely to lead to the material sought.

Before entering an order for discovery, we must be satisfied that the two information-gathering tools prescribed by existing rules have been utilized, or that their use would be ineffectual for accomplishing the desired discovery. Further, the applicant may not simply make a blanket request for broad discovery. He must seek authorization for use of a particular discovery device, or of several such devices, demonstrating to the court why interrogatories would not be effective for discovering the desired material, and why the device sought to be used would probably lead to the desired material.

It is not our intention that this standard for the exercise of our discretion which we adopt today should narrow the limitations on the scope of discovery articulated in Pa.R.C.P. 4011.[8] We have neither the authority nor the inclination to rewrite procedural dictates promulgated by our Supreme Court. Rather, the import of our holding is to impose predicates which must be met before we shall authorize more liberal discovery than that which the

---

8. RULE 4011. Limitation of Scope of Discovery and Deposition

No discovery or deposition shall be permitted which

(a) is sought in bad faith;

(b) would cause unreasonable annoyance, embarrassment, oppression, burden or expense to the deponent or any person or party;

(c) relates to matter which is privileged; or

(d) rescinded November 20, 1978, effective 120 days after December 16, 1978.

(e) would require the making of an unreasonable investigation by the deponent or any party or witness;

(f) rescinded November 20, 1978, effective 120 days after December 16, 1978.

parties to a divorce have as of right pursuant to the Pennsylvania Rules of Civil Procedure. Because our holding seeks to carefully balance a litigant's request for information essential to the resolution of alimony and property claims against the ills of unnecessary expense and delay, we are well satisfied that we have kept faith with the policy of the Divorce Code to "[e]ffectuate economic justice between parties. . . ." 23 Pa.C.S. §102(6).

We are mindful that the parties to the instant dispute have not had the benefit previously of the standard for exercising discretion we adopt herein. We are also concerned that this divorce action has already been delayed, at least in part, by the instant discovery dispute. The record before us affords no basis to rule on any specific discovery request, other than to direct counsel for defendant to disclose to counsel for plaintiff a copy of the entire corporate buy/sell agreement referenced during the proceedings. However, we find nothing in the rules to preclude plaintiff from directing a second set of interrogatories to defendant.

We encourage the parties, as well as Newborn Enterprises Inc., to seek informal resolution of all discovery requests on a good faith basis. Informal adjustment of these matters, by avoiding the proliferation of unnecessary paper and copious verbiage, facilitates case management and the prompt disposition of claims. Such salutary goals must be shared by judges and all officers of the court. We therefore enter the following

## ORDER

And now, this November 2, 1987, it is ordered and directed that the renewed motion for leave to take broad discovery is granted in part, and counsel for defendant shall forthwith disclose to counsel for

plaintiff a true and correct copy of the entire buy/sell agreement among shareholders of Newborn Enterprises Inc., and/or Altoona News Agency Inc. In all other respects, the motion is denied.

This court does not dismiss the instant motion but retains jurisdiction for purposes of facilitating further discovery, either informal or as prescribed by the Pennsylvania Rules of Civil Procedure.